UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10921-RGS

ANTHONY MONTOY

v.

MR. S. SPAULDING, et al.

ORDER

June 26, 2020

STEARNS, D.J.

On April 1, 2019, federal prisoner Anthony Montoy filed a *pro se* complaint in which he alleged misconduct by three employees of the federal Bureau of Prisons working at FMC Devens. This case was later dismissed without prejudice for insufficient service of process and because Montoy had not exhausted his administrative remedies. *See Montoy v. Spaulding*, C.A. No. 19-10616-RGS (D. Mass.); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

On May 14, 2020, Montoy filed a document captioned as a complaint, and the clerk assigned the above docket number to this matter.  In this filing, Montoy does not make any factual allegations or assert any legal claims.  Instead, he states that he is in the process of exhausting his administrative remedies and that he is refiling his earlier complaint to comply with the statute of limitations.

Despite Montoy entitling his document as a complaint, a document simply referencing an earlier complaint is not a pleading.  Accordingly, even though the clerk assigned a civil action number, the court declines to treat this matter as a new civil action.  *See* Fed. R. Civ. R. 3 ("A civil action is commenced by filing a complaint with the court.").

Further, where a prisoner plaintiff is required under 42 U.S.C. § 1997e to administratively exhaust his claim, the statute of limitations is tolled for the period of time the prisoner diligently pursues available administrative remedies.  *See Battle v. Ledford*, 912 F.3d 708, 718-20 (4th Cir. 2019); *Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2018); *Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2011); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015); *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005); *Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d

153, 158 (5th Cir. 1999) (per curiam); *Silvestri v. Smith*, C.A. No. 14-13137-FDS, 2015 WL 1781761, at *7 (D. Mass. Apr. 17, 2015); *Dillon v. Dickhaut*, C.A. No. 12-10713-GAO, 2013 WL 2304175, at **4-5 (D. Mass. May 24, 2013).

Accordingly, the clerk shall close this action.

                  **SO ORDERED.**

                          /s/ Richard G. Stearns
                          _____
                          UNITED STATES DISTRICT JUDGE